IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

v.

CASE NO. 18-607 (ADC)

[2] JULIO CESAR GONZALEZ-ANDINO,
Defendant.

**PLEA AND FORFEITURE AGREEMENT**
(Pursuant to Fed. R. Crim. P. 11(c)(1)(B))

**TO THE HONORABLE COURT**:

**COMES NOW**, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodríguez-Vélez, United States Attorney; José Capó-Iriarte, Assistant United States Attorney and Chief, Criminal Division; Max Perez-Bouret, Assistant United States Attorney, Deputy Chief of the Narcotics Unit; and Marc Chattah, Assistant United States Attorney, along with Defendant, Julio Cesar Gonzalez-Andino and his counsel Jose R. Aguayo, Esq. and pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1. **COUNT TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One of the Indictment. Count One of the Indictment charges, in sum and substance, that beginning on a date unknown, but no later than in or about the year 2012, and continuing up to and until the return of the instant Indictment, in the District of Puerto Rico and within the jurisdiction of this Court, defendant Julio Cesar Gonzalez-Andino and his codefendant did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to

distribute controlled substances, to wit: five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 846.

2. **STATUTORY PENALTIES**

Defendant understands that the penalty for the above mentioned count is as follows: a term of imprisonment which may not be less than ten (10) years and not more than life; and a term of supervised release of at least five (5) years. The Court may also impose a fine not to exceed the greater of that authorized in accordance with the provisions of Title 18, United States Code, or $10,000,000.00. The Court must impose a mandatory penalty assessment of one hundred dollars ($100.00).

3. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the case of United States v. Booker, 543 U.S. 220 (2005), the Sentencing Guidelines are no longer mandatory and must be considered effectively advisory.

4. **SPECIAL MONETARY ASSESSMENT**

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

5. **FINES AND RESTITUTION**

Defendant is aware that the Court may, pursuant to Section 5E1.2 of the Sentencing Guidelines Manual, order Defendant to pay a fine sufficient to reimburse the government for the costs of any imprisonment, probation or supervised release ordered and also that the Court may

impose restitution. As part of this plea agreement, Defendant agrees to execute a financial statement to the United States (OBD Form 500).

Defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Defendant cannot be placed on probation, nor have the imposition or execution of the sentence suspended. Further, Defendant acknowledges that parole has been abolished.

6. **RULE 11(c)(1)(B) WARNINGS**

Defendant is aware that Defendant's sentence is within the sound discretion of the sentencing judge, but the same may be imposed following the United States Sentencing Guidelines, Policy Statements, Application, and Background Notes as advisory to the imposition of sentence. Defendant is aware that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant pleads guilty. If the Court should impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw a guilty plea, and will remain bound to fulfill all of the obligations under this plea agreement.

7. **UNITED STATES RESERVATION OF RIGHTS**

The United States reserves the right to carry out its responsibilities under guidelines sentencing. Specifically, the United States reserves the right: (a) to bring its version of the facts of this case including its file and any investigative files to the attention of the probation office in connection with that office's preparation of a pre-sentence report; (b) to dispute sentencing factors or facts material to sentencing; and, (c) to seek resolution of such factors or facts in conference with opposing counsel and the probation office.

3

U.S. v. Julio Cesar Gonzalez-Andino, Criminal No. 18-607 (ADC)
Plea Agreement

8.     STIPULATION AS TO THE AMOUNT OF NARCOTICS

The United States of America and Defendant stipulate for purposes of this plea agreement that Defendant shall be accountable for possessing at **least 50 kilograms but less than 150 kilograms of cocaine**.

9.     SENTENCING GUIDELINE CALCULATIONS

Although the Guidelines are advisory, the sentencing court is required to consider the Guideline "sentencing range established for …the applicable category of offense committed by the applicable category of defendant" in imposing sentence. United States v. Booker, 543 U.S. 220, 224 (2005).  Therefore, after due consideration of the relevant factors enumerated in Title 18, United States Code, Section 3553(a), the United States and Defendant submit the below advisory Sentencing Guideline calculations:



| UNITED STATES SENTENCING GUIDELINES CALCULATION TABLE<br>COUNT ONE<br>21 U.S.C. § 846 | | |
|---|---|---|
| **Base Offense Level**<br>[§§2D1.1(a)(5) & (c)(6)] | Parties stipulate that defendant is responsible for possession of at least 50 kgs of cocaine but less than 150 kgs of cocaine | 34 |
| **Adjustment**<br>[§ 3E1.1(a)&(b)] | Defendant timely accepted responsibility and offense level is 16 or more | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | 31* |

| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
|---|---|---|---|---|---|---|---|
| | 31 | 108-135 | 121-151 | 135-168 | 153-188 | 168-210 | 188-235 |

* NOTE: There is a 10 yr. Mandatory Statutory Minimum pursuant to 21 U.S.C. § 841(b)(1)(A)(i) because the Defendant possessed with intent to distribute 5 kilograms or more of cocaine.

10.     SENTENCE RECOMMENDATION

The United States and the Defendant, after considering the advisory Sentencing Guidelines and all applicable sentencing factors in Title 18, United States Code, Section 3553(a), the parties agree to recommend a sentence of one hundred twenty (120) months.

U.S. v. Julio Cesar Gonzalez-Andino, Criminal No. 18-607 (ADC)
Plea Agreement

## 11. WAIVER OF APPEAL

Defendant knowingly and voluntarily agrees that, if the sentence imposed by the Court is one hundred thirty-five (135) months or less, the defendant waives the right to appeal any aspect of this case's judgment and sentence, including but not limited to the term of imprisonment or probation, restitution, fines, forfeiture, and the term and conditions of supervised release.



## 12. FURTHER ADJUSTMENTS, DEPARTURES OR VARIANCE

The United States and Defendant agree that no adjustments or departures may be sought by either party and that any request by Defendant for an adjustment or departure will be considered a material breach of this plea agreement.

## 13. NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY

The parties do not stipulate any assessment as to Defendant's Criminal History Category.



## 14. FORFEITURE PROVISION

Pursuant to Title 21, United States Code, Section 853, Defendant agrees to forfeit all of his right, title, and interest in any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the said violations.

Defendant acknowledges that forfeiture is part of the sentence that may be imposed in this case and hereby agrees to the entry of an order of forfeiture at the time of sentencing. As part of Defendant's Plea Agreement with the United States, Defendant consents to and agrees not to contest the forfeiture of the government.

## 15. DISMISSAL OF REMAINING COUNTS

The United States agrees that they will move to dismiss the remaining counts of the Indictment in exchange for Defendant's plea of guilty to Count ONE.

U.S. v. Julio Cesar Gonzalez-Andino, Criminal No. 18-607 (ADC)
Plea Agreement

16. **SATISFACTION WITH COUNSEL**

Defendant represents to the Court to be satisfied with counsel, Jose R. Aguayo, Esq., and indicates that counsel has rendered effective legal assistance.

17. **RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this agreement, Defendant surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal defendants include the following:

a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that the defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

U.S. v. Julio Cesar Gonzalez-Andino, Criminal No. 18-607 (ADC)
Plea Agreement

    d. At a trial, the United States would be required to present its witnesses and other evidence against the defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

    e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.

**18. STATEMENT OF FACTS**

The accompanying Statement of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Statement of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt. Further, Defendant agrees that said statement of facts will be used by the sentencing judge in determining the application of any sentencing guidelines in the instant case.

**19. LIMITATIONS OF PLEA AGREEMENT**

Defendant is fully aware that the Court is not bound by this plea agreement, including but not limited to: advisory sentencing guidelines calculations, stipulations, and/or sentence recommendations. In addition, this plea agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant; it does not bind any other federal district, state or local authorities.

U.S. v. Julio Cesar Gonzalez-Andino, Criminal No. 18-607 (ADC)
Plea Agreement

## 20.   ENTIRETY OF PLEA AGREEMENT

This Plea Agreement and its supplement constitute the complete agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in the Plea Agreement and its one supplement, and denies the existence of any other terms and conditions not stated therein.

CONTINUED ON NEXT PAGE

U.S. v. Julio Cesar Gonzalez-Andino, Criminal No. 18-607 (ADC)
Plea Agreement

21. **VOLUNTARINESS OF GUILTY PLEA**

Defendant acknowledges that no threats have been made against Defendant and that Defendant is pleading guilty freely and voluntarily because Defendant is guilty.

ROSA EMILIA RODRÍGUEZ-VÉLEZ
United States Attorney

_____
José Capó-Iriarte
Assistant U.S. Attorney
Chief, Criminal Division
Date: 7/10/19

_____
Max Perez-Bouret
Assistant U.S. Attorney
Deputy Chief, Narcotics Unit
Date: 7-8-19

_____
Marc Chattah
Assistant U.S. Attorney
Date: 7/2/19

_____
Julio Cesar Gonzalez-Andino
Defendant
Date: 8/27/19

_____
Jose R. Aguayo, Esq.
Counsel for Defendant
Date: 8/27/19

9

U.S. v. Julio Cesar Gonzalez-Andino, Criminal No. 18-607 (ADC)
Plea Agreement

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all my rights with respect to the Indictment pending against me. Further, I have consulted with my attorney and fully understand my decision to enter a guilty plea in this instant case. In addition, I understand my rights with respect to the provision of the Sentencing Guidelines, Policy Statements, Application, and Background Notes which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and I voluntarily agree to it.

Date: 8/27/19

Julio Cesar Gonzalez-Andino
Defendant

I am the attorney for Defendant. I have fully explained to Defendant her rights with respect to the pending Indictment. Further, I have reviewed the provisions of the Sentencing Guidelines, Policy Statements, Application, and Background Notes, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part this Plea Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this agreement voluntarily, intelligently and with full knowledge of all the consequences of Defendant's plea of guilty.

Date: 8/27/19

Jose R. Aguayo, Esq.
Counsel for Defendant

10

U.S. v. Julio Cesar Gonzalez-Andino, Criminal No. 18-607 (ADC)
Plea Agreement

## GOVERNMENT'S VERSION OF THE FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following summary setting forth the United States' version of the facts leading to Defendant's acceptance of criminal responsibility for Defendant's violation of Title 21, United States Code, Section 846.

From 2012 until his arrest in the current case, Julio Cesar Gonzalez-Andino sold cocaine weekly to his codefendant for further sale and distribution.

Julio Cesar Gonzalez-Andino admits he knowingly and intentionally combined, conspired, confederated and agreed with other codefendant charged in the Indictment to commit an offense against the United States of America: to possess with the intent to distribute at least 50 kilograms but less than 150 kilograms of a mixture and substance containing cocaine, a Schedule II narcotic controlled substance, in violation of Title 21, United States Code, Section 846.

Had the United States proceeded to trial, it would have presented testimony of law enforcement agents, cooperating witnesses, and recorded telephone calls. Discovery was provided to the defense in a timely manner.

Marc Chattah
Assistant U.S. Attorney
Date: 8/27/19

Julio Cesar Gonzalez-Andino
Defendant
Date: 8/27/19

Jose R. Aguayo, Esq.
Counsel for Defendant
Date: 8/27/19